Nolan, P. J.
(dissenting). Appellant has found, on sufficient evidence, that when respondents offered employment to the discharged employees of Suburban Bus Co., Inc., they discouraged membership in a labor union, to which such discharged employees belonged, by requiring them, as a condition of employment by Club Transportation Corp. to join another labor union — Transport Workers Union of America. That finding is conclusive. (Labor Law, § 707.) Such discrimination in regard to hire, or condition of employment, would, ordinarily, constitute an unfair labor practice. (Labor Law, § 704, subds. 4, 5.) On the undisputed facts, however, it did not constitute an unfair practice in this instance. The Labor Law provides (§ 704, subd. 5) that “ nothing in this article shall preclude an employer from making an agreement with a labor organization requiring as a condition of employment membership therein, if such labor organization is the representative of employees as provided in section seven hundred five.” Concededly, at the time when respondents offered employment to the former Suburban employees, Club Transportation Corp. had a closed shop agreement with the Transport Workers Union which was then in effect, and which provided that during the life of the agreement no operating employee should be employed by Club Transportation Corp. unless such employee should be a member, or should within one month after such hiring become a member in good standing of the Transport Workers Union. Concededly, when that agreement was made, Transport Workers Union was the representative of employees of Club Transportation Corp., having been designated for the purpose of collective bargaining by a majority of employees in the only unit appropriate for such purposes which existed within the ranks of Club Transportation Corporation’s operating employees, and having been certified as the representative of such employees for such purposes by appellant. The same condition existed at the time of the conditional offer of employment. The statute obviously means that discrimination, such as practiced by respondents, shall not be *540 an unfair labor practice if, prior thereto, the employer has made a valid closed shop agreement with a labor organization which properly represents his employees. Appellant apparently concedes that the agreement entered into between Club Transportation Corp. and Transport Workers Union would be sufficient to justify such discrimination if the contracting union were the representative of the majority of employees in the bargaining unit to which the discharged employees of Suburban belonged, and if the contract were applicable to such employees. The statute does not require, to justify such discrimination, that a closed shop agreement be made with a labor organization which will, during the life of the agreement, be satisfactory, for the purpose of collective bargaining to prospective employees. Neither does it require the contracting labor organization, as a condition of enforcing its closed shop agreement, to continue, during the life of the agreement, to be satisfactory as a representative for the purposes of collective bargaining to a majority of an expanded unit, composed of new and old employees. (Cf. Triboro Coach Corp. v. Labor Rel. Bd., 286 N. Y. 314.) The closed shop contract, by its express terms, was applicable to the discharged employees of Suburban, considered as prospective employees of Club Transportation Corp., just as it was applicable to every other person offered employment or employed as an operating employee, during its term, by the contracting employer.
The order appealed from should be affirmed.
Carswell, Johnston and Mac Crate, JJ., concur in Per Curiam opinion; Nolan, P. J., dissents and votes to affirm, with memorandum, in which Adel, J., concurs.
Order reversed on the law and the facts, with $50 costs and disbursements, and the application granted, without costs.